IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

NATIONAL LABOR RELATIONS BOARD,

    Plaintiff

v.

LIFE SAFETY GROUP, LLC,

    Defendant.

CIVIL ACTION

NO.

---

## NOTICE

Pursuant to Rule 236 of the Supreme Court of Pennsylvania, you are hereby notified that a JUDGMENT BY CONFESSION has been entered against you in the above proceeding and that enclosed herewith is a copy of all the documents filed in support of the said judgment.

If you have any questions concerning this notice, please call Patricia Garber, Esquire, at (215) 597-7625.

    UNITED STATES DISTRICT COURT
    EASTERN DISTRICT OF PENNSYLVANIA

    By: _____
        Michael E. Kunz
        Clerk of Court

IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD, | |
| Plaintiff | |
| v. | CIVIL ACTION |
| | NO. |
| LIFE SAFETY GROUP, LLC, | |
| Defendant. | |

## PRAECIPE FOR ENTRY OF JUDGMENT OF CONFESSION

TO THE CLERK:

Kindly enter judgment by confession in the above-captioned matter in favor of Plaintiff, National Labor Relations Board, and against Defendant, Life Safety Group, LLC, in the amount of $16,441.00.

By: *[signature]*

Patricia Garber, Esquire
Attorney ID No. 73578 (Pennsylvania)
National Labor Relations Board, Region 4
615 Chestnut Street, Suite 710
Philadelphia, PA  19106
(215) 597-7625
(215) 597-7658 (fax)
Patricia.garber@nlrb.gov

Dated: September 8, 2015

IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

NATIONAL LABOR RELATIONS BOARD,

    Plaintiff

v().                                    CIVIL ACTION

                                        NO.

LIFE SAFETY GROUP, LLC,

    Defendant.

---

## JUDGMENT

AND NOW, this ____ day of August 2015, a complaint in confession of judgment having been filed;

JUDGMENT IS HEREBY ENTERED in favor of Plaintiff, National Labor Relations Board, and damages are assessed against Defendant, Life Safety Group, in the amount of $16,441.00.

FOR A JUDGMENT in the amount of $16,441.00.

                                        UNITED STATES DISTRICT COURT
                                        EASTERN DISTRICT OF PENNSYLVANIA

                                        By: _____
                                              Michael E. Kunz
                                              Clerk of Court

IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NATIONAL LABOR RELATIONS BOARD,

    Plaintiff

v.

LIFE SAFETY GROUP, LLC,

    Defendant.

CIVIL ACTION

NO.

## COMPLAINT IN CONFESSION OF JUDGMENT

Plaintiff National Labor Relations Board, by and through its undersigned counsel, hereby files this complaint in confession against Defendant Life Safety Group, LLC, and states:

### PARTIES

1. Plaintiff, National Labor Relations Board, is a federal agency charged with enforcing the National Labor Relations Act, 29 U.S.C. §§151-169 (the Act), with a regional office at 615 Chestnut Street, Suite 710, Philadelphia, PA, 19106.

2. Defendant Life Safety Group, LLC is a Missouri limited liability corporation engaged in electrical contracting in the construction industry with a place of business at 223 Salt Lick Road, Suite 225, St. Peters, MO, 63376.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1345 in that Plaintiff is an agency of the United States.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to the causes of action asserted herein occurred in this district.

## BACKGROUND

5. On or about October 25, 2013, Plaintiff, based upon unfair labor practice charges filed by International Brotherhood of Electrical Workers, Local Union 163 in Cases 04-CA-014657 and 04-CA-111514, issued a Consolidated Complaint against Defendant alleging that Defendant had engaged in unfair labor practices within the meaning of §8(a), subsections (1) and (3) of the Act including, inter alia, refusing to hire applicants John Olejnik, Sean Farrell, Robert Feist, Mark Sims, Joseph Melochick, Eric Lekstrom, David Kaskel and Jason Brown because of their union activity. A true and correct copy of the Complaint is attached hereto, made a part hereof and marked as Exhibit A.

6. On January 24, 2014, Plaintiff and Defendant entered into a settlement agreement (Settlement Agreement) resolving the allegations in the Consolidated Complaint and requiring Defendant to make equal payments to John Olejnik, Sean Farrell, Robert Feist, Mark Sims, Joseph Melochick, Eric Lekstrom, David Kaskel and Jason Brown in the gross amount of

$31,488.00. A true and correct copy of the Settlement Agreement is attached hereto, made a part hereof and marked as Exhibit B.

7. Also on January 24, 2014, Plaintiff and Defendant entered into a Backpay Installment Agreement providing for the payment of each discriminatee's backpay due under the Settlement Agreement to be paid in six installments, on the following dates and in the following amounts:

| Date | Amount |
|---|---|
| February 21, 2014: | $1000.00 |
| March 21, 2014: | $587.20 |
| April 21, 2014: | $587.20 |
| May 21, 2014: | $587.20 |
| June 21, 2014: | $587.20 |
| July 21, 2014: | $587.20 |

A true and correct copy of the Backpay Installment Agreement is attached hereto, made a part hereof and marked as Exhibit C.

8. In consideration of the Plaintiff's agreement to enter into an installment payment plan with Defendant for the payment of backpay owed under the settlement agreement, Defendant executed a confession of judgment securing the immediate payment of the full amount of outstanding backpay due under the Settlement Agreement in the event Defendant defaulted in its payments under the Backpay Installment Agreement. A true and correct copy of the Confession of Judgment is attached hereto, made a part hereof and marked as Exhibit D.

9.  Defendant made payment in full of the first two installments due under the Backpay Installment Agreement, in the amount of $12,697.60.

10. Defendant made partial payment in the third installment of four of the eight backpay payments due under the Backpay Installment Agreement, in the amount of $2,348.80.

11. Defendant has failed to make payment of the remaining payments due under the Backpay Installment Agreement, in the amount of $16,441.60.

12. As a result of Defendant's defaults described in paragraph 11, the amount of $16,441.60 became immediately due and payable.

13. Plaintiff has made demand upon Defendant to honor its obligations under the Backpay Installment Agreement, but it has failed and/or refused to do within the time prescribed by the Backpay Installment Agreement, all of which constitutes an event of default under the Backpay Installment Agreement.

14. The judgment to be entered herein does not involve a loan defined as a "consumer credit transaction" in accordance with Annex A to Title 231, Chapter 2950, Rule 295.1(a)(2).

15. Neither the Backpay Installment Agreement nor the Confession of Judgment has been assigned and Plaintiff is the current holder thereof.

16. Judgment has not been entered on the Confession of Judgment in any other jurisdiction.

17. The Confession of Judgment is less than twenty years old and no application for a court order granting leave to enter judgment after notice is required.

WHEREFORE, Plaintiff, National Labor Relations Board, demands judgment against Defendant, Life Safety Group, LLC, in the total sum of $16,441.60.

By: _____

Patricia Garber, Esquire
Attorney ID No. 73578 (Pennsylvania)
National Labor Relations Board
Region Four
615 Chestnut Street, Suite 710
Philadelphia, PA  19106
(215) 597-7625
(215) 597-7658 (fax)

Dated: September 8, 2015

## VERIFICATION

I, Patricia Garber, am an attorney with the National Labor Relations Board, Region Four, and am authorized to make this verification on its behalf. I hereby verify that the matters set forth in the foregoing Complaint in Confession of Judgment are true and correct to the best of my knowledge, information and belief. I understand that the statements made herein are made subject to the penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

_____
Patricia Garber

Dated: September 8, 2015

IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NATIONAL LABOR RELATIONS BOARD,

    Plaintiff

v.

LIFE SAFETY GROUP, LLC,

    Defendant.

CIVIL ACTION

NO.

## AVERMENT OF DEFAULT

I, Patricia Garber, am an attorney with the National Labor Relations Board, and aver that Defendant is in default of the instrument attached as Exhibit C to the Complaint in Confession of Judgment filed in this matter in that it has failed to make payment of all sums due and owing thereunder when due, as a result of which the entire sums owing under Exhibit C have become immediately due and payable.

*[signature]*

Patricia Garber

Dated: September 8, 2015

IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NATIONAL LABOR RELATIONS BOARD,

    Plaintiff

v.                                       CIVIL ACTION

                                        NO.

LIFE SAFETY GROUP, LLC,

    Defendant.

## CONFESSION OF JUDGMENT

I hereby appear for the Defendant, Life Safety Group LLC, and confess judgment in favor of the Plaintiff, National Labor Relations Board, and against the Defendant, Life Safety Group, LLC, in the amount of $16,441.00.

By: _____

Patricia Garber, Esquire
Attorney ID No. 73578 (Pennsylvania)
National Labor Relations Board, Region 4
615 Chestnut Street, Suite 710
Philadelphia, PA  19106
(215) 597-7625
(215) 597-7658 (fax)
Patricia.garber@nlrb.gov

Dated: September 8, 2015

IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NATIONAL LABOR RELATIONS BOARD,

    Plaintiff

v.                                CIVIL ACTION

                                   NO.

LIFE SAFETY GROUP, LLC,

    Defendant.

## ASSESSMENT OF DAMAGES

TO THE PROTHONOTARY·

You are hereby directed to assess damages in favor of Plaintiff, National Labor Relations and against Defendant, Life Safety Group, LLC, in the amount of $16,441.00.

FOR A JUDGMENT in the amount of $16,441.00.

                                   By: _____

                                   Patricia Garber, Esquire
                                   Attorney ID No. 73578 (Pennsylvania)
                                   National Labor Relations Board
                                   615 Chestnut Street, Suite 710
                                   Philadelphia, PA  19106
                                   (215) 597-7625
                                   (215) 597-7658 (fax)
                                   Patricia.garber@nlrb.gov

Dated: September 8, 2015

IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NATIONAL LABOR RELATIONS BOARD,

    Plaintiff

v.                                      CIVIL ACTION

                                         NO.

LIFE SAFETY GROUP, LLC,

    Defendant.

## VERIFICATION OF ADDRESSES

I, Patricia Garber, an attorney with the National Labor Relations Board, hereby certify that the address of Plaintiff, National Labor Relations Board, is 615 Chestnut Street, Suite 710, Philadelphia, PA, 19106, and the last known address of Defendant, Life Safety Group, LLC, is 223 Salt Lick Road, Suite 225, St. Peters, Missouri, 63376. I understand that the statements made herein are made subject to the penalties of 18 PA. C.S.A. §4904, relating to unsworn falsification to authorities.

                                                                Patricia Garber

Dated: September 8, 2015

IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NATIONAL LABOR RELATIONS BOARD,

    Plaintiff

v.

    CIVIL ACTION

    NO.

LIFE SAFETY GROUP, LLC,

    Defendant.

## VERIFICATION OF NO CONSUMER CREDIT TRANSACTION

I, Patricia Garber, an attorney with the National Labor Relations Board, hereby verify that this Judgment by Confession is not being entered into against a natural person in connection with a consumer credit transaction. I understand that the statements made herein are made subject to the penalties of 18 PA. C.S.A. §4904, relating to unsworn falsification to authorities.

                                                                           Patricia Garber

Dated: September 8, 2015

IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NATIONAL LABOR RELATIONS BOARD,

    Plaintiff

v.

LIFE SAFETY GROUP, LLC,

    Defendant.

CIVIL ACTION

NO.

## VERIFICATION OF NO RETAIL INSTALLMENT SALE

I, Patricia Garber, an attorney with the National Labor Relations Board, hereby verify that this is not an action by a seller, holder, or assignee arising out of a retail installment sale contract or account. I understand that the statements made herein are made subject to the penalties of 18 PA. C.S.A. §4904, relating to unsworn falsification to authorities.

_____
Patricia Garber

Dated: September 8, 2015

IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NATIONAL LABOR RELATIONS BOARD,

    Plaintiff

v.　　　　　　　　　　　　　　　　　　　　CIVIL ACTION

　　　　　　　　　　　　　　　　　　　　　NO.

LIFE SAFETY GROUP, LLC,

    Defendant.

NOTICE OF RIGHT TO RECOVER ATTORNEY FEES
AND COSTS AND PROCEDURE TO FOLLOW TO
<u>STRIKE OFF OR OPEN A CONFESSED JUDGMENT</u>

TO:   Life Safety Group, LLC
       223 Salt Lick Road, Suite 225
       St. Peters, Missouri, 63376.

     Pursuant to 42 Pa.C.S.A. §2737.1, you are hereby notified that a debtor who has been incorrectly identified and had a confession of judgment entered against him shall be entitled to costs and reasonable attorney fees as determined by the court.

     Pursuant to 42 Pa.C.S.A. §2737.1, you are hereby notified of the instructions regarding the procedure to follow to strike off or open a confessed judgment under Pennsylvania Rule of Civil Procedure 2959, which is reproduced in full, on the following pages.

By:_____

                                              Patricia Garber, Esquire
                                              Attorney ID No. 73578 (Pennsylvania)
                                              National Labor Relations Board
                                              615 Chestnut Street, Suite 710
                                              Philadelphia, PA  19106
                                              (215) 597-7625
                                              (215) 597-7658 (fax)
                                              Patricia.garber@nlrb.gov

Dated: September 8, 2015

**Rule 2959. Striking off or Opening Judgment. Pleadings. Procedure.**

(a)(1) Relief from a judgment by confession shall be sought by petition. Except as provided in subparagraph (2), all grounds for relief whether to strike off the judgment or to open it must be asserted in a single petition. The petition may be filed in the county in which the judgment was originally entered, in any county to which the judgment has been transferred or in any other county in which the sheriff has received a writ of execution directed to the sheriff to enforce the judgment.

(2) The ground that the waiver of the due process rights of notice and hearing was not voluntary, intelligent and knowing shall be raised only

(i) in support of a further request for a stay of execution where the court has not stayed execution despite the timely filing of a petition for relief from the judgment and the presentation of prima facie evidence of a defense; and

(ii) as provided by Rule 2958.3 or Rule 2973.3.

(3) If written notice is served upon the petitioner pursuant to Rule 2956.1(c)(2) or Rule 2973.1(c), the petition shall be filed within thirty days after such service. Unless the defendant can demonstrate that there were compelling reasons for the delay, a petition not timely filed shall be denied.

(b) If the petition states prima facie grounds for relief the court shall issue a rule to show cause and may grant a stay of proceedings. After being served with a copy of the petition the plaintiff shall file an answer on or before the return day of the rule. The return day of the rule shall be fixed by the court by local rule or special order.

(c) A party waives all defenses and objections which are not included in the petition or answer.

(d) The petition and the rule to show cause and the answer shall be served as provided in Rule 440.

(e) The court shall dispose of the rule on petition and answer, and on any testimony, depositions, admissions and other evidence. The court for cause shown may stay proceedings on the petition insofar as it seeks to open the judgment pending disposition of the application to strike off the judgment. If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment.

(f) The lien of the judgment or of any levy or attachment shall be preserved while the proceedings to strike off or open the judgment are pending.

(g)(1) A judgment shall not be stricken or opened because of a creditor's failure to provide a debtor with instructions imposed by an existing statute, if any, regarding procedures to follow to strike a judgment or regarding any rights available to an incorrectly identified debtor.

(2) Subdivision (g)(1) shall apply to (1) judgments entered prior to the effective date of subdivision (g) which have not been stricken or opened as of the effective date and (2) judgments entered on or after the effective date.

**Source**

The provisions of this Rule 2959 amended through June 20, 1985, effective January 1, 1986, 15 Pa.B. 2452; amended April 1, 1996, effective July 1, 1996, 26 Pa.B. 1806; amended September 28, 2004, effective immediately, 34 Pa.B. 5551. Immediately preceding text appears at serial pages (24894) and (218363).